



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
02/23/2010

| | | |
|---|---|---|
| IN RE: | § | |
| ANITA C RAMIREZ, | § | Case No. 09-70051 |
| Debtor(s). | § | |
| | § | Chapter 7 |
| | § | |
| JOSE ALBERTO RODRIGUEZ, *et al*, | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | Adversary No. 09-7012 |
| | § | |
| ANITA RAMIREZ, *et al*, | § | |
| Defendant(s). | § | Judge Isgur |

## MEMORANDUM OPINION

Plaintiffs Jose Alberto Rodriguez, Maria Guadalupe Rodriguez and Patricia Rodriguez, individually and as next friend of Roberto Rodriguez, seek summary judgment that their claims against the Debtors are excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). Summary judgment is granted against both Debtors, Leonardo Ramirez and Anita C. Ramirez.

### Jurisdiction and Venue

This lawsuit seeks to except certain debts from discharge under 11 U.S.C. § 523. This court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157. Venue is proper under 28 U.S.C. § 1409.

### Summary Judgment Standard

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law*

*LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.[1]

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5 th Cir. 2008) ("A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party."); *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); *LeMaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F. 393, 405 (5th Cir. 2003). The Court should not weigh the evidence inasmuch as a credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412

---

[1] Rule 56 was amended, effective December 1, 2007. Although most changes were stylistic, the changes to Rule 56(c) were substantive. Prior to the amendment, Rule 56(c) provided that the Court "shall" grant summary judgment if the relevant criteria were met. Effective December 1, 2007, the word "shall" was changed to "should". The Committee Notes to the 2007 amendment state that the word "[s]hould" was substituted for "shall" to recognize that, "although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 advisory committee's notes (2007). As one commentator noted, "even when a motion for summary judgment is properly made and supported, it need not be granted . . . [s]uch a motion may be granted - indeed, it should be granted - but it does not have to be granted." Bradley S. Shannon, *Should Summary Judgment Be Granted?*, 58 Am. U. L. Rev. 85, 95 (2008).

(5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon*, 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008). The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. Cattrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *92,203.00 in United States Currency*, 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004); *Raga v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412; *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). Movants who do not bear the ultimate burden of proof often seek summary judgment after discovery has produced insufficient evidence to support the non-moving party's claims. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelers Indem. Co. of*

*Conn.*, 465 F.3d 156, 163–64 (5th Cir. 2006); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Background

Ms. Ramirez filed her bankruptcy petition on January 16, 2009. On February 5, 2009, an amended petition was filed to include Mr. Ramirez as a joint debtor. Several orders were issued by the Court that extended the deadline for the filing of exceptions to discharge. This adversary proceeding was timely commenced on August 24, 2009.

Prior to the bankruptcy petition, Mr. Ramirez intentionally shot Roberto Rodriguez with the intent of killing him. Although Roberto Rodriguez was not killed, he is now a quadriplegic. Mr. Ramirez confessed and was convicted of the crime.

Plaintiffs filed a civil lawsuit against the Ramirezes. A state court judgment was issued against them, which forms the basis of this adversary proceeding. Specifically, the state court issued actual damages of $11,500,000.00 against the Ramirezes; exemplary damages of $6,500,000.00 against Mr. Ramirez; and exemplary damages of $1,700,000.00 against Ms. Ramirez.

> When the state court issued the judgment, it found that the Ramirezes were:
>
> acting in concert as Defendant Anita Ramirez'[s] conduct satisfied each element of Texas Penal Code Annotated § 7.02(a)(2,3), by knowingly and intentionally engaging in negligent conduct, intentional deadly conduct, attempted murder, aggravated assault with a deadly weapon and with wanton disregard toward Plaintiff Roberto Rodriguez, and said conduct caused the [Plaintiffs'] injuries . . . .

Final Judgment of 332nd Judicial District Court in Cause No. C-414-06-F, April 3, 2008.

**Section 523(a)(6) Exception to Discharge**

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To be excepted from discharge, both the conduct and the resulting injury must be willful. *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998). The debtor must act with "objective substantial certainty or subjective motive" to cause the injury. *In re Miller,* 156 F.3d 598, 603 (5th Cir. 1998).

Proof of a § 523(a)(6) cause of action is by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661 112 L.Ed.2d 755, 767 (1991). Factual findings in a state court judgment must be recognized under principles of collateral estoppel in determining whether the facts justify the exception to discharge. *Id.* at 285 n.11.

**Mr. Ramirez**

Mr. Ramirez does not contest that the judgment against him is excepted from discharge. He intentionally shot Roberto Rodriguez. The summary judgment record reflects that he told a police officer that he had intended to kill Rodriguez; indeed, he was upset when he learned that Rodriguez survived the shooting[2].

Accordingly, all of Mr. Ramirez's debts to the Plaintiffs are excepted from discharge.

**Ms. Ramirez**

The motion for summary judgment against Anita Ramirez contains a plethora of allegations that exceed the record. For example, the motion alleges that Ms. Ramirez

---

[2] The Court overrules Ms. Ramirez's objection to the use of the deposition testimony of the police officer. His statements do not implicate Ms. Ramirez. The police officer does state what was said by Mr. Ramirez. Contrary to the objection, those statements are not hearsay when used against Mr. Ramirez. FED. R. EVID. 801. The Court has not considered the police officer's statements in determining whether Ms. Ramirez's debts are excepted from discharge.

"assisted . . . in procuring the firearm and taking the firearm to the" scene of the shooting. It asserts that "[Ms.] Ramirez knew her husband could not possess a firearm legally and nonetheless procured the weapon for her husband." It claims that "[Ms.] Ramirez was aware of her husband's intentions." The foregoing allegations are not contained in the summary judgment record and will not be considered by the Court.

The only summary judgment evidence against Ms. Ramirez is the state court judgment, which is supported by the order of the state court granting partial summary judgment. The state court found that:

> [Ms.] Ramirez'[s] conduct satisfied each element of Texas Penal Code Annotated § 7.02(a)(2,3), by *knowingly and intentionally* engaging in negligent conduct, intentional deadly conduct, attempted murder, aggravated assault with a deadly weapon and with wanton disregard toward Plaintiff Roberto Rodriguez, and said conduct caused the injuries . . . .

Final Judgment of 332nd Judicial District Court in Cause No. C-414-06-F, April 3, 2008 (emphasis supplied).

Section 7.02 is entitled "Criminal Responsibility for Conduct of Another." TEX. PENAL CODE ANN. § 7.02. It governs the culpability of those who serve as accomplices or conspirators with the principal criminal actor. *See* TEX. PENAL CODE ANN. § 7.02. Ms. Ramirez was found liable pursuant to subsections (a)(2) and (a)(3), which read as follows:

> (a) A person is criminally responsible for an offense committed by the conduct of another if:
>
> . . . .
>
> (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or
>
> (3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.

TEX. PENAL CODE ANN. § 7.02(a)(2) and (a)(3).  Accordingly, Ms. Ramirez's accomplice liability was premised on both her affirmative act and her failure to act, which aided Mr. Ramirez's negligent conduct, intentional deadly conduct, attempted murder, aggravated assault with a deadly weapon and with wanton disregard toward Roberto Rodriguez.  As set forth above, the State Court found that her conduct was knowing and intentional.

Whether Ms. Ramirez's liability as an accomplice to the various crimes meets the requirements under § 523(a)(6) depends on whether she acted with the "objective substantial certainty or subjective motive" to harm Roberto Rodriguez. *Miller*, 156 F.3d at 603.  The Court finds that she acted with the requisite intent based on the state court judgment that found her liable as an active accomplice in aggravated assault with a deadly weapon.  As set forth above, this Court must give collateral estoppel effect to the state court judgment and cannot revisit its findings. *Grogan,* 498 U.S. at 281.

The state court explicitly found that Ms. Ramirez knowingly and intentionally aided aggravated assault with a deadly weapon.  First, § 6.03 of the Texas Penal Code states that "[a] person acts intentionally . . . with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result."  TEX. PENAL CODE ANN. § 6.03(a) (section entitled "Definitions of Culpable Mental States").

Second, § 22.02 of the Texas Penal Code defines aggravated assault with a deadly weapon as the commission of assault, as defined in § 22.01, with the use of a deadly weapon during the commission of assault. *Id.* § 22.02.  Section 22.01 of Texas Penal Code provides three ways in which a person commits assault, only one of which is relevant here. *Id.* § 22.01.  That provision is subsection (a)(1), which states that a person commits assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another." *Id.*

When the Penal Code provisions are read together, it is clear that the state court found Ms. Ramirez acted with the conscious objective to cause bodily injury to Roberto Rodriguez. Accordingly, Ms. Ramirez acted with the subjective motive to harm Roberto Rodriguez, which meets the standard under § 523(a)(6). *Miller*, 156 F.3d at 604 (equating subjective motive to harm to acting with the desire to cause injury). The Court concludes that Ms. Ramirez's liability under the state court judgment is not discharged.

## Conclusion

Because this Court is bound by the preclusive effects of the state court judgment, this Court will issue a judgment that excepts the Debtors' debts to the Plaintiffs from discharge.

SIGNED **February 22, 2010.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE